The opinion of the Court was delivered by
O’Neall, J.
In this case, on the appeal of the defendant, very little need be said.
The two first grounds of appeal are explained and answered by the report, in a way perfectly satisfactory to this Court. No one has ever had the hardihood to argue, that mere possession of land by a son-in-law, as of a negro slave, would raise a pre *150 sumption of gift. Such a possession, with ten years adverse use, may confer title. (Sumner vs. Murphy, 2 Hill, 488 ; Simmons vs. Parsons, Id. note, 492; Roberts vs. Roberts, 2 McC. 268.)
The deed spoken of in connection with this supposed presumption, was the evidence of an absolute sale. But the defendant had the full benefit of that, in connection with the question of gift or no gift, on which the jury passed.
The 3d, 4th and 5th grounds relate to the sufficiency of the acknowledgment by the defendant of his indebtedness for the land, to take the case out of the operation of the statute of limitations.
Before Young vs. Monpoey, 2 Bail. 278, the Courts of this State had held that “ every slight acknowledgment” of a debt was enough to take the case out of the statute. That case acknowledging the propriety of the rule, where the statute had not run out, held that it was inapplicable to cases where it had run out. The rule, that a slight acknowledgment when the statute had not run out would be sufficient, was recognized in Silman vs. Silman, 2 Hill, 416. In this case, when before this Court a year ago, 6 itich. 117, this distinction was recognized. On this occasion, if the jury believed Nix, the acknowledgment was made before the statute had run out, and was a very distinct admission of a subsisting debt. There can, therefore, be nothing in this respect to cause a new trial.
So the 6th and 7th grounds, as explained by the report, were unmixed questions of fact for the jury, and there is no reason arising out- of them to disturb the verdict.
The defendant’s motion is therefore dismissed.
On the motion of the plaintiff to strike out the counts relating to the sale of the negro slave Isaac, it is necessary to barely remark, that this was not an application for leave to submit to a non-suit, or discontinuance, as was the case in Branham vs. Brown, 1 Bail. 262. The motion was more an application to amend the declaration by striking out counts than anything else. In Glenn vs. McCullough, 2 McC. 212, an application *151 was made to amend after the Judge’s charge ; it was held it could not be done. This doctrine is repeated in many subsequent cases, and it is not necessary to argue it further.
If this could seriously prejudice the plaintiff, we might hesitate about refusing his motion. But this record will not bar his right, in a subsequent action, to recover the price of the slave on the testimony of Garvin. For that showed a sale subsequent to the plaintiff’s writ, and the amount could not therefore be recovered in this case. This may be shown by parol in any subsequent case which he may bring. (Henderson vs. Kenner, 1 Rich. 474.)
The plaintiff’s motion is also dismissed.
Withers, Whitner, Glover and Munro, JJ., concurred.

Motions dismissed.